# EXHIBIT 1

IN THE COURT OF COMMON PLEAS
COLUMBIANA COUNTY, OHIO

| | | |
|---|---|---|
| PRESTON WOODS<br>7113 Garden Valley Ave. Apt. 43<br>Cleveland, Ohio 44104 | ) )<br>)<br>)<br>) | CASE NO. 2020CV97 |
| | )<br>) | JUDGE:   MEGAN L. BICKERTON |
| Plaintiff, | )<br>) | |
| v. | )<br>)<br>) | **COMPLAINT FOR DAMAGES<br>AND REINSTATEMENT** |
| AMERICAN STANDARD AMERICA, INC.<br>c/o C T Corporation System,<br>4400 Easton Commons Way, Ste 125<br>Columbus, Ohio 43219 | )<br>)<br>)<br>)<br>) | **Jury Demand Endorsed Herein** |
| -and- | )<br>) | |
| JASON SCHNABL<br>c/o American Standard America, Inc.<br>605 S. Ellsworth Avenue<br>Salem, Ohio 44460 | )<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

**FILED**
COLUMBIANA COUNTY
COURT OF COMMON PLEAS

FEB 2 4 2020

ANTHONY J. DATTILIO
CLERK

Plaintiff, Preston Woods, by and through undersigned counsel, as his Complaint against the Defendants, states and avers the following:

### PARTIES AND VENUE

1. Woods is a resident of the city of Canfield, county of Mahoning, state of Ohio.

2. Jason Schnabl is a resident of the state of Ohio.

3. American Standard America, Inc. ("American Standard") is a foreign corporation with a place of business located at 605 S. Ellsworth Avenue Salem, Ohio 44460.

4. Schnabl was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at American Standard who acted directly or indirectly in the interest of American Standard

The Employee's Attorney.™



5. Schnabl was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.02.

6. All of the material events alleged in this Complaint occurred in Columbiana County.

7. Therefore, personal jurisdiction is proper over Defendants pursuant to Ohio Revised Code §2307.382(A)(1) and (4).

8. Venue is proper pursuant to Civ. R. 3(C)(3)&(6).

9. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

10. Woods is a former employee of American Standard.

11. Woods began working for American Standard on or around May 5, 2016.

12. American Standard employed Woods as a driver.

13. At all times, material herein, American Standard employed Schnabl as a manager.

14. At all times material herein, Schnabl had the power to hire and fire American Standard employees.

15. From March 2018 to March 2019, Woods worked for American Standard for at least 1,250 hours.

16. During his employment, Woods was eligible for FMLA leave.

17. In March 2019, Woods applied for FMLA leave to care for his mother, following her cancer diagnosis.

18. Woods utilized FMLA from March 2019, until May 2019. ("FMLA Use")

19. Following Woods' FMLA Use, Defendants treated Woods unfavorably.

20. Following Woods' FMLA Use, Defendants began scrutinizing Woods' work.

21. Defendants did not scrutinize the work of employees who did not use FMLA to the same level as Woods.

22. Following Woods' FMLA use, Defendants began disciplining Woods for minor work infractions.

23. Defendants did not discipline employees who did not utilize FMLA for minor work infractions.

24. Following Woods' FMLA use, Defendants began looking for a reason to terminate Woods.

25. On or around June 12, 2019, the employee scheduled to work the shift immediately preceding Woods' called off work.

26. On or around June 12, 2019, American Standard required Woods to complete duties assigned to the absent employee as well as his duties. ("Double Duties")

27. On or around June 12, 2019, Woods was unable to complete all of the Double Duties.

28. On or around June 12, 2019, Defendants issued Woods a final written warning. ("Final Warning")

29. Defendants issued Woods the Final Warning for allegedly failing to complete all of the Double Duties. ("Stated Basis for Discipline")

30. Defendants relied on photographs taken by American Standard employees when forming the Stated Basis for Discipline.

31. No reasonable employee would be able to complete the Double Duties.

32. It was reasonable that Woods was unable to complete all of the Double Duties.

33. Defendants' assertion of the Stated Basis for Discipline has no basis, in fact.

34. Defendants' assertion of the Stated Basis for Discipline did not actually motivate Defendants' issuance of the Final Warning.

3

35. Defendants' assertion of the Stated Basis for Discipline was insufficient to motivate the Final Warning.

36. Defendants' assertion of the Stated Basis for Discipline was pretext to issue the Final Warning.

37. Woods complained to Schnabl about the issuance of the Final Warning. ("Discipline Complaint")

38. Schnabl had a duty to report the Discipline Complaint to American Standard.

39. Schnabl did, in fact, report the Discipline Complaint to American Standard.

40. American Standard has a policy to investigate employee complaints.

41. An investigation should include interviewing the complainant.

42. An investigation should include interviewing the subject of the complaint.

43. An investigation should include interviewing the subject of the reported complaint.

44. An investigation should include interviewing witnesses to the reported complaint.

45. An investigation should include getting a written statement from the complainant.

46. An investigation should include getting a written statement from the subject of the complaint.

47. An investigation should include getting a written statement from the subject of the reported complaint.

48. In response to the Discipline Complaint, Defendants did not interview Woods.

49. In response to the Discipline Complaint, Defendants did not interview witnesses.

50. In response to the Discipline Complaint, Defendants did not get a written statement from Woods.

51. In response to the Discipline Complaint, Defendants did not get a written statement from witnesses.

52. Defendants did not investigate the Discipline Complaint.

4

53. During the Discipline Complaint, Woods informed Schnabl that he had photographs to refute the Stated Basis for Discipline.

54. Upon learning that Woods had taken photos refuting Defendants Stated Basis for Discipline, Schnabl suspended Woods for five days. ("Suspension")

55. Schnabl did not issue discipline similar to the Suspension to the employees who provided the photographs that formed Defendants Stated Basis for Discipline.

56. Following the Discipline Complaint, Defendants treated Woods unfavorably.

57. Following Woods' Discipline Complaint, Defendants continued scrutinizing Woods' work.

58. Defendants did not scrutinize the work of employees who did not make complaints similar to the Discipline Complaint, to the same level as Woods'.

59. Following Woods' Discipline Complaint, Defendants continued disciplining Woods for minor work infractions.

60. Defendants did not discipline employees who did not make complaints similar to the Discipline Complaint for minor work infractions.

61. Following Woods' Discipline Complaint, Defendants continued looking for a reason to terminate Woods.

62. On or around July 23, 2019, Woods complained to Jim (last name unknown) that Defendants were unjustly looking for a reason to terminate him. ("Harassment Complaint")

63. At all times material herein, Jim was a vice president of American Standard.

64. At all times material herein, Jim had the power to hire and fire American Standard employees.

65. In response to the Harassment Complaint, Defendants did not interview Woods.

66. In response to the Harassment Complaint, Defendants did not interview witnesses.

67. In response to the Harassment Complaint, Defendants did not get a written statement from Woods.

68. In response to the Harassment Complaint, Defendants did not get a written statement from witnesses.

69. Defendants did not investigate the Harassment Complaint.

70. On or around August 5, 2019, Woods fell while at work. ("Fall")

71. Woods injured his knee and shoulder in the Fall. ("Injuries")

72. Despite the Injuries, Woods continued to work.

73. On or around August 23, 2019, Woods exacerbated his Injuries while at work.

74. On or around August 23, 2019, Woods reported the Injuries.

75. On or around August 23, 2019, Woods filed for Workers' Compensation.

76. Prior to experiencing the Injuries, Woods had requested to use vacation days from August 26 through August 30. ("Vacation Request")

77. Prior to the Injuries, Woods' Vacation Request had been granted.

78. On or about September 4, 2019, Defendants terminated Woods.

79. On or about September 4, 2019, Defendants terminated Woods for alleged attendance issues. ("Stated Basis for Termination")

80. Defendants intentionally miscalculated Woods' attendance points, as Defendants wrongfully issued Woods attendance points for days during Woods' approved Vacation Request.

81. Defendants' assertion of the Stated Basis for Termination has no basis, in fact.

82. Defendants' assertion of the Stated Basis for Termination did not actually motivate the termination.

83. Defendants' assertion of the Stated Basis for Termination was insufficient to motivate the termination.

84. Defendants' assertion of the Stated Basis for Termination was pretext to terminate Woods.

85. There was a causal connection between Woods' use of FMLA and Defendants' adverse actions against Woods, including his final written warning and suspension.

86. There was a causal connection between Woods' Workers' Compensation claim and Defendants' termination of Woods.

## COUNT I: RETALIATION IN VIOLATION OF THE FMLA

### (Against All Defendants)

87. Woods restates each and every prior paragraph of this Complaint as if it were fully restated herein.

88. During his employment, Wood qualified for FMLA leave.

89. During his employment, Woods utilized FMLA leave.

90. After Woods utilized his qualified FMLA leave, Defendants retaliated against him.

91. Defendants retaliated against Woods by issuing the Final Warning.

92. Defendants retaliated against Woods by suspending his employment.

93. Defendants retaliated against Woods by terminating his employment.

94. Defendants willfully retaliated against Woods in violation of U.S.C. § 2615(a).

95. As a direct and proximate result of Defendants' wrongful conduct, Woods is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT II: WORKER'S COMPENSATION RETALIATION

### (Against Defendant American Standard)

96. Woods restates each and every prior paragraph of this Complaint as if it were fully restated herein.

97. On or around August 23, 2019, Woods filed a Workers' Compensation claim due to his Injuries.

98. American Standard terminated Woods in retaliation for Woods filing a claim for Worker's Compensation benefits.

99. American Standard violated R.C. 4123.90 when it retaliated against Woods for initiating a workers' compensation claim.

100. As a direct and proximate cause of American Standard's conduct, Woods suffered and will continue to suffer damages.

101. On November 25, 2019, Woods, through counsel, provided notice of the retaliation to American Standard in accordance with R.C. § 4123.90's 90-day notice requirement.

102. As a direct and proximate cause of American Standard's conduct, Woods is entitled to all damages provided for in R.C. § 4123.90, including liquidated damages, costs, and reasonable attorney's fees.

### DEMAND FOR RELIEF

WHEREFORE, Woods demands from Defendants the following:

(a) Issue an order requiring American Standard to restore Woods to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Woods for lost wages and benefits, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys fees and non-taxable costs for Woods' claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

Fred M. Bean (0086756)
**The Spitz Law Firm LLC**
25200 Chagrin Blvd, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: Fred.bean@spitzlawfirm.com

*Attorney For Plaintiff*

## JURY DEMAND

Plaintiff Preston Woods demands a trial by jury by the maximum number of jurors permitted.

Fred M. Bean (0086756)
**The Spitz Law Firm LLC**

9



2020 CV 00097 - WOODS, PRESTON
vs. AMERICAN STANDARD AMERICA
INC

🖨 Print Summary (../DetailsPrint/169162?digest=fPFNoUBEK/79dONHsDu/Iw)

☐ Remember ⊞ Summary 🕑 History          Next ➜ (../Details/169162?digest=fPFNoUBEK/79dONHsDu/Iw&selectLastTab=true&courtdocketurl=)
Me

**SUMMARY**

| | | |
|---|---|---|
| Judge: | Court Type: | Case Type: |
| BICKERTON, MEGAN | CIVIL | OTHER CIVIL |
| Case Number: | Uniform Case Number: | Status: |
| 2020 CV 00097 | 092020CV000097XXXXXX | OPEN |
| Clerk File Date: | Status Date: | Waive Speedy Trial: |
| 2/24/2020 | 2/24/2020 | ☐ |
| Total Fees Due: | Booking Number: | Agency: |
| 28.10 | | |
| Agency Report Number: | Custody Location: | |

**PARTIES**

| TYPE | PARTY NAME | ADDRESS | ATTORNEY |
|---|---|---|---|
| PLAINTIFF | WOODS, PRESTON (/benchmarkweb/Party.aspx/Index/1270750?caseID=169162&digest=qppEpKMf3zRmRv36K4bFhQ) | 7113 GARDEN VALLEY AVE., APT. 43 CLEVELAND, OH 44104 (Main Office) | 🌿 BEAN ESQ., FRED M (/benchmarkweb/Party.aspx/Index/1024771?caseID=169162&attorney=True&digest=snqG%2FgF2IsH3MMq%2BIgThIQ) (Main Attorney) |
| DEFENDANT | AMERICAN STANDARD AMERICA INC (/benchmarkweb/Party.aspx/Index/1270751?caseID=169162&digest=Tx6ESrWEJOuqjOXvy4JzVQ) | C/O CT CORPORATION SYSTEM 4400 EASTON COMMONS WAY, STE 125 COLUMBUS, OH 43219 | |
| DEFENDANT | SCHNABL, JASON (/benchmarkweb/Party.aspx/Index/1270752?caseID=169162&digest=Zd%2BjDbOF747MFkOzDrY2rA) | C/O AMERICAN STANDARD AMERICA, INC. 605 S. ELLSWORTH AVENUE SALEM, OH 44460 | |

**EVENTS**

| DATE | EVENT | JUDGE | LOCATION | RESULT | |
|---|---|---|---|---|---|
| | | No Events on Case | | | |

**CASE DOCKETS**

| IMAGE | DATE | ENTRY |
|---|---|---|
| 📄 1 | 3/2/2020 | CASE DESIGNATION SHEET FILED BY ATTORNEY FRED BEAN |
| 📄 1 | 3/2/2020 | CERTIFIED RETURN RECEIPT AMERICAN STANDARD AMERICA INC |
| 📄 1 | 3/2/2020 | CERTIFIED RETURN RECEIPT JASON SCHNABL |
| 📄 2 | 2/25/2020 | CERTIFIED RECEIPT JASON SCHNABL RB |
| 📄 2 | 2/25/2020 | CERTIFIED RECEIPT AMERICAN STANDARD AMERICA INC RB |
| 📄 1 | 2/24/2020 | SUMMONS ON COMPLAINT WITH COPY OF COMPLAINT ISSUED TO JASON SCHNABL BY CERTIFIED MAIL |
| 📄 1 | 2/24/2020 | SUMMONS ON COMPLAINT WITH COPY OF COMPLAINT ISSUED TO AMERICAN STANDARD AMERICA INC BY CERTIFIED MAIL |
| 📄 1 | 2/24/2020 | PAYMENT $750.00 RECEIPT #242291 |
| 📄 1 | 2/24/2020 | (COPY) CASE DESIGNATION SHEET |
| 📄 9 | 2/24/2020 | COMPLAINT FOR DAMAGES AND REINSTATEMENT WITH JURY DEMAND FILED BY ATTORNEY FRED BEAN |
| | 2/24/2020 | CASE FILED 02/24/2020 CASE NUMBER 2020 CV 00097 |
| | 2/24/2020 | JUDGE BICKERTON, MEGAN: ASSIGNED |

☐ Username  ☐ Password

➜ Login

❓ (/benchmarkweb/Home.aspx/About)

🔍 Search (/benchmarkweb/Home.aspx/Search)
📅 Court Docket (/benchmarkweb/CourtDocket.aspx)
🔍 Recent Searches
☁ Links (/benchmarkweb/WebLink.aspx)

## Court of Common Pleas, Columbiana County, Lisbon, Ohio

### Summons

Rule 4 1970, Ohio Rules of Civil Procedure

Case No.: 2020 CV 00097

MEGAN BICKERTON
JUDGE
*Summons on Complaint*

PRESTON WOODS
7113 GARDEN VALLEY AVE., APT. 43
CLEVELAND, OH 44104

Plaintiff(s)

VS.

AMERICAN STANDARD AMERICA INC
C/O CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY, STE 125
COLUMBUS, OH 43219

Defendant(s)

<div style="border:1px solid">

## FILED

Columbiana County Common Pleas Court
**February 24, 2020**

ANTHONY J. DATTILIO
CLERK OF COURTS

</div>

To the below named Defendant(s):

AMERICAN STANDARD AMERICA INC
C/O CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY, STE 125
COLUMBUS, OH 43219

You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this Court by the Plaintiff(s) named herein.

You are required to serve upon the Plaintiff's Attorney, or upon the Plaintiff if no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. **Said answer must be filed with this Court within three (3) days after service on Plaintiff's Attorney.**

The name and address of the Plaintiff's Attorney is as follows:

FRED M BEAN ESQ.            (216)291-4744
25200 CHAGRIN BLVD
SUITE 200
BEACHWOOD, OH 44122

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

**Witness**, My signature and seal of said Court on this February 24, 2020,

**Anthony J. Dattilio**
105 South Market Street
Lisbon, Ohio 44432

Deputy Clerk

Certified Article Number
9414 7266 9904 2158 6249 66
SENDER'S RECORD



9590 9266 9904 2158 6249 69

## Court of Common Pleas, Columbiana County, Lisbon, Ohio

### *Summons*

Rule 4 1970, Ohio Rules of Civil Procedure

Case No.: 2020 CV 00097

MEGAN  BICKERTON
JUDGE
*Summons on Complaint*

PRESTON  WOODS
7113 GARDEN VALLEY AVE., APT. 43
CLEVELAND, OH  44104

Plaintiff(s)
VS.

AMERICAN STANDARD AMERICA INC
C/O CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY, STE 125
COLUMBUS, OH 43219

Defendant(s)

```
FILED
Columbiana County Common Pleas Court
February 24, 2020

ANTHONY J. DATTILIO
CLERK OF COURTS
```

To the below named Defendant(s):

JASON  SCHNABL
C/O AMERICAN STANDARD AMERICA, INC.
605 S. ELLSWORTH AVENUE
SALEM, OH  44460

You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this Court by the Plaintiff(s) named herein.

You are required to serve upon the Plaintiff's Attorney, or upon the Plaintiff if no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this Court within three (3) days after service on Plaintiff's Attorney.

The name and address of the Plaintiff's Attorney is as follows:

FRED M BEAN ESQ.                          (216)291-4744
25200 CHAGRIN BLVD
SUITE 200
BEACHWOOD, OH  44122

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

Witness, My signature and seal of said Court on this February 24, 2020,

**Anthony J. Dattilio**
105 South Market Street
Lisbon, Ohio 44432

Deputy Clerk



Certified Article Number
9414 7266 9904 2158 6249 59
SENDER'S RECORD

9590 9266 9904 2158 6249 52